**David WOOD, Plaintiff—Appellant,**

v.

**CITY OF EL CAJON, a municipal corporation; et al., Defendants—Appellees.**

No. 02–56812.
D.C. No. CV–01–00473–JTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 2004.

Decided March 2, 2004.

Michael P. Guta, Law Offices of John E. Hill, Oakland, CA, for Plaintiff–Appellant.

Dennis W. Daley, Attorney at Law, Lee H. Roistacher, Esq., Scott E. Patterson, Daley & Heft, Solana Beach, CA, for Defendants–Appellees.

Before TROTT, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM*

The district court did not err in granting summary judgment in favor of defendants John Wooddell and the City of El Cajon, because David Wood failed to raise a material question of fact regarding his claim of a Fourth Amendment violation. Even if the search warrant affidavit had included all omitted facts, we remain unpersuaded that it is "plain that a neutral magistrate

---

would not have issued the warrant." *Lombardi v. City of El Cajon,* 117 F.3d 1117, 1126 (9th Cir.1997).

Because no material issue of fact was raised regarding the existence of a constitutional deprivation, the district court properly granted summary judgment in favor of the City. *See Orin v. Barclay,* 272 F.3d 1207, 1217 (9th Cir.2001) ("A § 1983 action against a city fails as a matter of law unless a city employee's conduct violates one of the plaintiff's federal rights.").

Wood's claim that his constitutional rights were violated when Wooddell failed to timely inform Wood that Wood's DNA did not match the crime scene evidence was not properly pled because Wood made this claim for the first time at oral argument on defendants' motion for summary judgment. *See 389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999) (upholding the district court's failure to consider claims that were never pled and initially raised in opposition to summary judgment). Moreover, Wood's claim is not supported by any case authority establishing such a right.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.